FRANKIE IVEY AND OTHERS, *Plantiffs in Error*, v. ELLA J. PEACOCK AND OTHERS, *Defendants in Error*.

1. Prior to the enactment of Chapter 5145, Laws of 1903, the word "heirs" was indispensable to the conveyance of an estate of inheritance by death.

2. The habendum clause in a deed of conveyance "to have and to hold the same in full right, title, interest or demand of what nature soever, as against the said parties of the first part, in fee simple forever" does not in and of itself create an estate of inheritance.

This case was decided by Division A.

Writ of Error to the Circuit Court for Suwannee County.

The facts in the case are stated in the opinion of the court.

*A. J. Henry* and *F. L. Rees,* for plaintiffs in error.

*Carter & McCollum,* for defendants in error.

COCKRELL, J.—Upon the rejection of a deed of conveyance offered by the plaintiffs in an action of ejectment, a non-suit with bill of exceptions was taken and judgment final entered for the defendants.

The plaintiffs claimed title as the heirs of the grantee named in the deed and an objection was interposed that no estate of inheritance passed thereunder. The deed nowhere contains the words "heirs" or "heirs of the body," but in the premises grants, bargains, sells, aliens, remises and releases and "forever quit claims" to the party of the second part the land by appropriate description and the habendum clause reads: "To have and to hold the said described property, together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, to have and to hold the same in full right, title, interest or demand of what nature soever, as against the said parties of the first part, in fee simple forever." The deed was executed in 1887, and contained no reference to other deeds or instruments.

It is admitted that at the common law the word "heirs" was indispensable to create an estate of inheritance, and that Chapter 5154, Laws of 1903, Gen. Stats. § 2456, dispensing with words of limitation, is prospective only and does not purport to affect prior grants or conveyances. By express statutory enactment the Common law of England of a general nature are declared to be of force in this State, if not inconsistent with the Federal or State Constitutions or statutes. Gen. Stats. of Fla. § 59.

We do not find any decisions of this court directly upon the point, but both the decisions and the text writers are practically unanimous in stating that the words "heirs" is indispensable to the conveyance of an estate of inheritance by deed and that no substitute is

possible, unless the common law has been changed by statute. Tiedeman Real Property, § 37; Tiffany Real Property, § 20; 1 Wash. Real Prop. (6th Ed.) § 147; 11 Am. & Eng. Ency. Law (2nd Ed.) 367. We are not now concerned with the various possible exceptions such as grants to the State, trust deeds, conveyances to corporations, contemporaneous deeds, reconveyances.

The plaintiffs in error rely upon the statement of the law as given in 13 Cyc. 642. The author of the Article on Deeds there asserts that it is generally held essential that the deed read to the grantee and his heirs, but adds "It has, however, been held in a large number of decisions that the language of the whole instrument should be considered in order to discover the intent and that where there is a clear intention to pass a fee simple, the deed will be construed so as to effectuate such intention, although the word "heirs" or technical words of inheritance are omitted." An examination of the cases cited in support of the text will disclose, however, that they are founded upon statutes which come within some of the exceptions mentioned above or are cases construing wills not deeds.

The general rule of construction obtaining here as elsewhere that all parts of an instrument will be looked to and that construction adopted that carries out most clearly the evident intent of the parties does not authorize us to convert a life estate into a fee simple by construction.

The judgment is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.