RICHMOND TYLER, AS TRUSTEE, &C., *et al.*, *Appellants*, v. MARGARET TRIESBACK, *et al.*, *Appellees*.

Opinion Filed May 12, 1915.

1. Where an appellate court has held upon a former appeal in a case that a deed from a mother to a son upon the sole consideration of love and affection will not be reformed in behalf

of the son to the disinherison of other children, equally enti-
tled to her bounty, this becomes the law of the case, and,
upon a second appeal after a careful consideration of the
amendment to the bill and the other pleadings and all the
evidence adduced, such court is still of the opinion that no
facts or circumstances have been established which would
warrant it in holding that the consideration for which such
deed was executed was a valuable as opposed to a mere good
consideration, such appellate court will adhere to its former
holding and refuse to interfere with the decree of the Circuit
Coprt, denying a reformation of such deed.

2. Prior to the enactment of Chapter 5145, Laws of 1903, form-
ing Section 2456 of the General Statutes of Florida, the word
"heirs" was indispensable to the conveyance of an estate of
inheritance by deed. Trust deeds constitute no exception to
the rule, unless it clearly appears that the duties of the trust
require the trustee to possess the fee and the proofs establish
the fact that it was the clear intention of the grantor that
the grantee trustee should possess the fee.

3. An appellate court will not interfere with the action of the
Circuit Court in granting affirmative relief to a defendant in
an equity suit, in the absence of a cross-bill, when it clearly
appears from the written stipulation filed by the respective
parties litigant, which was made a matter of record by order
of the court, that it was the intention of all such parties that
the final decree should make a final disposition of all the mat-
ters involved.

4. Under the provisions of Rule 18, Supreme Court Rules,
adopted March 2, 1905, (page 11 of such rules prefixed to 51
Fla., 37 South. Rep. viii), no objection will be allowed to be
taken in the appellate court to the admissibility of any evi-
dence, oral or documentary, found in the record in a chancery
cause, unless the record affirmatively shows that the objection
thereto was presented to the chancellor, and expressly ruled
upon by him in the court below, at or before the final hearing
of the cause. Every matter purporting to be evidence, found
copied by the clerk into the record in such cause will be pre-

sumed to have been used in evidence in the court below, unless the record affirmatively shows the contrary.

5. While a possibility of issue is always supposed to exist in law, unless extinguished by the death of the parties, where it appears from the evidence that the party who might have issued is 76 years of age, such possibility is rather remote, and where it is manifest from the written stipulation filed by all the parties litigant that all of such parties desired a termination of the litigation and a final settlement of all the matters in controversy, an appellate court will not reverse the final decree because of such remote contingency.

Appeal from Circuit Court for Duval County; D. A. Simmons, Judge.

Decree affirmed.

*Axtell & Rinehart,* for Appellants;

*Fletcher & Dodge* and *D. C. Campbell,* for Appellees.

SHACKLEFORD, J.—This case comes here for the second time. See Triesback v. Tyler, 62 Fla. 580, 56 South. Rep. 947. As is established by the pleadings and the evidence, Margaret C. Tyler was seized in fee of lot 4 of section 1, township 22 south, range 26 east, situated in the county of Duval and containing about 62.33 acres, and on the 29th day of January, 1878, executed the following deed to Richmond Tyler, trustee:

"This Indenture, made the twenty ninth day of January, in the year of our Lord one thousand eight hundred and seventy-eight, between Margaret C. Tyler of the City of Jacksonville, County of Duval and State of Florida of the first part, and Richmond Tyler of the same County and

State of the second part (in Trust for his children Wilford Richmond and Edmund Marshall Tyler, and such other children as may hereafter be born to him, and until the youngest of them are of lawful age).

Witnesseth: That the said Margaret C. Tyler, as well for and in consideration of the love and affection which she has and bears toward the said Wilford Richmond and Edmund Marshall Tyler, children of the said Richmond Tyler, Trustee, as aforesaid, as for one dollar lawful money of the United States to her in hand paid by the said Richmond Tyler (Trustee as aforesaid for the cestui que trusts aforesaid), at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, hath given, granted, aliened, released, conveyed and confirmed, and by these presents doth give, grant, alien, release, convey and confirm unto the said Richmond Tyler, Trustee for his children as aforesaid the undivided one third of a certain lot, piece or parcel of land situate, lying and being in the County of Duval and State of Florida, known and distinguished by the Government survey as lot number four (4) of section one (1) of Township two (2) South of Range twenty six (26) East, containing twenty one aces, more or less, and being the middle one third of a tract of land conveyed by Charles Sumners in his life time, to the said Margaret C. Tyler by deed bearing date twelfth day of March, 1857, recorded in the public records of Duval County, in Book A, Property of Married Women, pages 376, 377 and 378, said land so conveyed by the said Charles Summers to the said Margaret C. Tyler being and lying in the shape of an oblong square, containing sixty two and thirty-three one hundredths of an acre and the land hereby conveyed to the said Richmond Tyler, Trustee as aforesaid, being the

middle one third of the same, divided into three square lots as near as may be. Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in any wise appertaining, and the reversion and reversions, remainder and remainder,s rents, issues and profits thereof, and also all the estate, right, title, interest, property, possession, claim and demand whatsoever of the said party of the first part, of in and to the same, and every part and parcel thereof with their and every of their appurtenances. To Have and To Hold the said hereby described premises, and every part and parcel thereof with the appurtenances, unto the said party of the second part, trustee, as aforesaid for the use and benefits of the cestui que trusts aforementioned forever.

In Witness Whereof, the said party of the first part has hereunto set her hand and seal the day and year first above written.

Signed, sealed and delivered     Margaret C. Tyler, (Seal)
in presence of:

Jas. A. Marvin.

Azor Marvin."

We omit the acknowledgement and the endorsements. This deed was recorded in the public records of Duval County on the 18th day of April, 1904. On the 27th day of October, 1881, and the 17th day of May, 1883, Margaret C. Tyler executed two deeds, the first to Orville Z. Tyler and the second to Richard R. Tyler, by which she conveyed to each of such grantees a certain described lot, which two lots together embraced the southern one-third of Lot 4, of which Margaret C. Tyler was seized in fee, as

600    SUPREME COURT OF FLORIDA.

we have previously said, but with this southern one-third of such lot we have no especial concern. On the first day of May, 1882, Margaret C. Tyler executed a deed to Mary W. Shepard by which was conveyed one acre situated in the southeast corner of the northern one-third of such lot 4. On the 13th day of June, 1884, Margaret C. Tyler executed the following deed to Richmond Tyler, trustee:

"This Indenture, made the thirteenth day of June in the year of our Lord one thousand eight hundred and eighty four between Margaret C. Tyler, of the City of Jacksonville, County of Duval, and State of Florida of the first part, and Richmond Tyler of the same County and State of the second part, In Trust for his children, Wilford Richmond and Edmund Marshall Tyler, and such other children as may hereafter be born to him (and until the youngest of them are of lawful age)

Witnesseth : That the said Margaret C. Tyler, party of the first part, as well for and in consideration of the love and affection which she has and bears toward the said Wilford Richmond and Edmund Marshall Tyler, children of the said Richmond Tyler, Trustee, as aforesaid, as for the sum of Five Dollars, lawful money of the United States to her in hand paid by the said Richmond Tyler, Trustee as aforesaid, for the cestui que trusts aforesaid, at and before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, hath given, granted, aliened, released, conveyed and confirmed and by these presents doth give, grant, alien, release, convey and confirm unto the said Richmond Tyler, trustee for his children as aforesaid, the undivided two-thirds, except one acre heretofore conveyed to Mary W. Sheppard in trust for her children, of a certain lot, piece or parcel of land situate, lying and being in the County of Duval and

State of Florida, known and distinguished by the Government survey as lot numbered four (4) of section one (1), township two (2) South, Range twenty six (26) East, containing forty one (41) acres, more or less, and being the southern two thirds, with the exception of the one acre heretofore conveyed to Mary W. Sheppard, as aforesaid, of a tract of land conveyed to Charles Summers in his life time to the said Margaret C. Tyler by deed bearing date the twelfth day of March, A. D. 1857, and is recorded in the Public Records of Duval in Book A, Property of Married Women, pages 376, 377 and 378, said land so conveyed by the said Charles Summers to the said Margaret C. Tyler being and lying in the shape of an oblong square, containing sixty two and thirty three one hundredths of an acre, and the land hereby conveyed to the said Richmond Tyler, trustee, as aforesaid being the southern two-thirds of said sixty two 33-100 acres, excepting the one acre heretofore conveyed as aforesaid. Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof. And also all the estate, right, title, interest, property, possession, claim and demand whatsoever of the said party of the first part, of, in and to the same and every part and parcel thereof, with their and every of their appurtenances. To Have and To Hold the same hereby described premises and every part and parcel thereof, with the appurtenances unto the said party of the second part, trustee, as aforesaid for the use and benefit of the cestui que trusts aforesaid forever.

In Witness Whereof the said party of the first part

hereto has hereunto set her hand and seal the day and year first above written.

Signed, Sealed and                    Margaret C. Tyler.    (Seal)
Delivered in the presence of us:
A. W. DaCosta.
M. D. Muckenfuss.

State of Florida,    }
Duval County.        }   ss

Before me, a Notary Public in and for the State of Florida at large, personally appeared Margaret C. Tyler, to me well known as the person who made and executed the foregoing deed of Gift, and acknowledged in due form of law the same to be her free act and deed for the purposes therein mentioned. Whereupon it is prayed that the same may be recorded.

Given under my hand and seal this thirteenth day of June, A. D. 1884.

(Notary Seal)                    A. W. DaCosta,
                    Notary Public for State at Large."

This deed was recorded on the 18th day of April, 1904, in the public records of Duval County. Richmond Tyler, Orville Z. Tyler, Richard R. Tyler and Mary W. Shepard, the grantees in the deeds above mentioned, were all children of Margaret C. Tyler, who departed this life intestate on or about the 6th day of June, 1886, leaving surviving her the above named children and also three other children, John F. Tyler, Edmond M. Tyler and Frank S. Tyler.

On the 26th day of May, 1910, Richmond Tyler, as Trus-

tee for Wilford R. Tyler, Edmond M. Tyler, Harold C.
Tyler, Earnest W. Tyler and R. St. Clair Tyler, who con-
stituted all of the children of Richmond Tyler, and Rich-
mond Tyler, in his own right, and Wilfred R. Tyler,
Edmond M. Tyler, Harold C. Tyler, Earnest W. Tyler,
and R. St. Clair Tyler, a minor, by Richmond Tyler, his
father and next friend, filed their original bill against
all of the other children of Margaret C. Tyler, deceased,
who were then living, and also the children and heirs at
law of Mary W. Shepard, John F. Tyler, Orville Z. Tyler
and Frank S. Tyler, all of whom had departed this life
subsequent to the death of Margaret C. Tyler and prior
to the filing of the bill, all of which is fully set out in the
bill. The relief sought by the complainants was to have
the deed executed by Margaret C. Tyler to her son, Rich-
mond Tyler, trustee, on the 13th day of June, 1884, which
we have copied above, reformed so as to have the descrip-
tion of the land thereby conveyed read the *northern* two-
thirds of lot 4, instead of the *southern* two-thirds, as there-
in set forth, which description so inserted in the deed was
alleged to have been occasioned through a mutual mistake
upon the part of both the grantor and the grantee. This
original bill was unsuccessfully attacked by demurrer,
whereupon the defendants filed an answer wherein they
denied the allegations of the bill upon which the com-
plainants based their claim to relief, to which a replica-
tion was filed and an examiner appointed to take the
evidence. At the final hearing, a decree was rendered in
favor of the complainants, which upon appeal by the
defendants we reversed for the reasons stated in our opin-
ion. In substance, we held, as a reference to such opinion
will show, that the complainants were not entitled to a
reformation of the deed for the reason that the sole con-
sideration was love and affection. Upon the going down

of the mandate, by leave of court, the complainants filed the following amendment to their bill:

"Your orators aver that during her life time the said Margaret C. Tyler owned in addition to the lands described in the deed mentioned in the preceding paragraph, valuable lots in the City of Jacksonville, and that prior to the making of the said deed of June 13, 1884, the said Margaret C. Tyler had conveyed to her children aforesaid all of her property excepting the north one-third of said lot four (4) of Section one (1) Township two (2) South, Range Twenty-six (26) East, and that the said property, at the time of the making of said deed on June 13, 1884, was of comparatively small value, it being country property lying outside of the City of Jacksonville and being the third of said lot lying the farthest away from the City.

And your orators aver that the said deed of conveyance was made to the said Richmond Tyler in trust for his children, as aforesaid, in consideration of the promise and agreement on the part of the said Richmond Tyler to give to the said Margaret C. Tyler a home in his family for the remainder of her life, and that the said Richmond Tyler did promise and agree, in consideration of said deed to give to the said Margaret C. Tyler such home in his family during her natural life. And your orators further aver that after the making of said deed, the said Margaret C. Tyler removed her personal belongings and eflects to the home of the said Richmond Tyler and made her home with him from said time until the date of her death, which occurred in 1886."

The defendants again interposed a demurrer, which was overruled, and again they filed an answer wherein

they denied the equities of the bill, to which a replication was filed. By agreement of the respective counsel the evidence previously taken in the cause was made evidence, subject only to such objections as were interposed thereto at the time the same was taken, and an examiner was appointed to take such additional evidence as the parties litigant might adduce.

In order that this opinion may be the more readily intelligible, we copy the following statement from the brief of the counsel for the complainants, who are appellants here, to which the counsel for the defendants have interposed no objections and which is borne out by the transcript:

"During the pendency of the suit, to-wit, on the 24th day of September, 1912, the parties entered into a written stipulation, in substance all parties agreeing to a sale of the lands in dispute, to the Springfield Heights Company, this stipulation being made to facilitate the sale of the property and to pass a good, unencumbered title to the purchaser, and leaving the questions to be determined in this suit as applying to the proceeds of the sale instead of the land itself, said stipulation providing as follows: 'It is the desire and purpose of the parties to the above entitled cause, both complainants and defendants, to convey all their right, title and interest in and to the property hereinbefore described, to the Springfield Heights Company for the consideration hereinbefore named, and it is the intent and purpose of the said parties that the moneys received for said conveyances, including the moneys by the mortgage aforesaid, shall stand in the place of the property so conveyed, and that the said Springfield Heights Company shall receive a good, fee simple title in and to the said property, free from any

claim or interest of any kind of the parties to said suit, all of the said claims and interests being tansferred to the moneys and securities and proceeds arising from said sale as herein mentioned.

'It is, therefore, stipulated and agreed between the parties to said suit that the conveyances made to the said Springfield Heights Company as between the parties to said suit shall in no wise affect, discharge or change any of the rights of any of the said parties to the said suit, but the rights and the interests of the said parties to the said suit in and to the moneys, receipts and proceeds arising from the sale of said lands shall be and remain the same as their interests and rights were in and to the said lands before the conveyance aforesaid, and said interests and rights shall be subject to the determination of the Court in the said cause as the same is now pending, or as the same may be hereinafter modified by amendment made in due course, or as shall be determined in any other suit or suits that may be brought by the said parties or any of them within six months from the date of the mortgage hereinbefore referred to, it being understood and agreed between the parties hereto that whatever final order or decree shall be made in said cause, or in other suit brought within the time hereinbefore named, determining the rights of the respective parties in and to the said lands or any part thereof, shall be binding upon the parties hereto and shall determine the right to the moneys, securities and proceeds arising from the said sale of said lands, precisely as if said proceeds and funds were the land itself as herein mentioned, it being understood that the term 'final order or decree' above referred to shall include any order or decree of any appellate court

to which said cause, or any of said causes, shall or may be taken by due process.' "

Upon the filing of such stipulation, the following order was made by the court:

"This cause coming on to be heard upon the above and foregoing stipulation, and on application of counsel for the several parties in said cause, it is ordered, adjudged and decreed that the said stipulation shall be entered of record in this cause, and that the same shall be taken and considered as fixing and determining the rights of said parties to said stipulation to the extent and as provided in said stipulation.

Done and ordered this 23rd day of September, A. D. 1912. R. M. Call, Judge."

At the hearing, the following findings were made by the court:

"This Cause came on for final hearing upon original bill and answer thereto, amendment to bill and answer thereto, replications, reports of special examiners, evidence, mandate and opinion of the Supreme Court of Florida, reversing a former decree of this court herein, the written stipulations by and between said complainants and said respondents through their respective solicitors of record herein duly filed, and the orders and decrees of this court on said stipulations duly made and entered, and the written request and prayer of said complainants and said respondents through their respective solicitors in the closing paragraphs of their respective briefs for decrees carrying out the terms of the written stipulation herein filed September 24th, A. D. 1912, and approved and recorded by order and decree of this court

thereon; and this cause having been duly presented, orally argued and finally submitted on briefs and duly examined and considered, this court finds as follows:

That Margaret C. Tyler was sole owner *in fee simple* of the Northern two-thirds of Lot four in Section 1 Township 2 South, Range 26 East, containing about sixty-two and thirty-three hundredths acres, and situate, lying and being in Duval County, Florida.

That said Margaret C. Tyler in and by her certain two deeds dated January 29th, A. D. 1878 and June 13th, A D. 1884, created or carved out of her said *fee simple* estate in the *midde* third of said lot, a particular and lesser estate for a *term of years* and conveyed the same to Richmond Tyler, IN TRUST 'for his children, Wilford Richmond and Edmond Marshall Tyler, and such other children as may hereafter be born to him (and until the youngest of them are of lawful age)'.

That said Margaret C. Tyler died about June 6th, A. D. 1886, and left surviving her as her only heirs at law her daughter, Mary W. Shepard and her six sons (said complaint) Richmond Tyler, Richard R. Tyler, John F. Tyler, Edmond M. Tyler, Orville Z. Tyler and Frank S. Tyler.

That after the said death of said Margaret C. Tyler, and before the filing of the original Bill herein, said Mary W. Shepard and her husband both died and left surviving them as their only heirs at law their three children (Respondents) Margaret Shepard who married Wallace Triesback, Charles Webster Shepard and Harriet M. Shepard, who married Kendall S. Haines, and after the death of said Margaret C. Tyler and before the filing of the Original Bill herein, said John F. Tyler and his wife

both died and left surviving them as their only heirs at
law, their two daughters (Respondents) Grace Mitchell
Tyler and Blanch Tyler (who married H. Owen Turner
since the filing of the original bill herein) and since said
death of said Margaret C. Tyler aforesaid, and before the
filing of the original Bill herein said Orville Z. Tyler and
his wife both died and left surviving them as their only
heirs at law, their four children (Respondents) Minnie
Oak Tyler (who married Tillman Rouse) Neal Tyler,
Jessie Tyler (who married W. P. Gilreath) and Leo Tyler
and after the death of said Margaret C. Tyler, aforesaid,
and before the filing of the Original Bill herein, said
Frank S. Tyler died and left surviving him as his only
heirs at law, his widow, Respondent Catherine B. Tyler
and their only child (Respondent) Beatrice Tyler, (who
married Earnest J. Lopez.)

That since the filing of the Original Bill herein, said
Respondent Richard R. Tyler (son of said Margaret C.
Tyler deceased) has died without leaving any widow or
children surviving him; and prior to his death and by his
warranty deed of conveyance herein filed by leave and per-
mission of court, duly conveyed all his interest in said
property to said respondent W. P. Gilreath.

That about July 9th, A. D. 1912, the youngest child of
said complainant became of lawful age and, thereupon,
said lesser or particular estate in the *middle* third of said
lot, created or carved out of said *fee simple* estate in and
by said two deeds aforesaid, and conveyed to said com-
plainant Richmond Tyler IN TRUST as aforesaid,
expired, terminated and ceased, and by operation of law
said surviving heirs at law of said Margaret C. Tyler,
deceased and their heirs and assigns were and are the
owners in *fee simple* of said Northern two-thirds of said

lot aforesaid, except one acre in the North one-third of said property conveyed by said Margaret C. Tyler before her death to said Mary W. Shepard.

That in accordance with the said Written Stipulation herein dated September 23rd, A. D. 1912, and approved same date and ordered filed and recorded by this court, and which was duly filed and recorded in Minute Book 10 on page 253 of the minutes of this court on September 24th, A. D. 1912, said complainants and respondents by deeds conveyed said property to the Springfield Heights Company (a corporation) and thereupon its successors and assigns became the owners in fee simple of said property, subject to the purchase money mortgage lien thereon by said corporation to the Guaranty Trust & Savings Bank (a corporation) Trustee.

That the equities herein are with said Respondents, and against certain of said Complainants, namely: Richmond Tyler *as Trustee* for Wilfred R. Tyler, Edmond M. Tyler, Harold C. Tyler, Earnest W. Tyler and R. St. Clair Tyler, and Richmond Tyler, *as father and* next friend of R. St. Clair Tyler (a minor) and Wilfred R. Tyler, Edmond M. Tyler, Harold C. Tyler, Earnest W. Tyler and R. St. Clair Tyler, and neither of said named Complainants are entitled to any relief whatever, as against either of said respondents; and the said Bill of Complaint, and amendment thereto, must be dismissed as to each of said named Complainants.

That said Complainant Richmond Tyler *in his own right* and as one of the *seven* surviving children of Margaret C. Tyler (deceased) having inherited an undivided one-seventh interest in fee simple in said property, and which he conveyed with said other surviving heirs of said

Margaret C. Tyler, deceased, to said Springfield Heights Company as aforesaid, and in accordance with said Written Stipulation and request and prayer in the closing paragraphs of each of the Briefs for said Complainants and said Respondents through their respective solicitors of record, said Complainant Richmond Tyler *in his own right,* is entitled to have his interest in said purchase money mortgage deed of trust from said Springfield Heights Company to said Guaranty Trust and Savings Bank aforesaid, and in the funds arising therefrom, decreed to him herein.

That according to the said written stipulation, said property was sold and conveyed by said surviving heirs of Margaret C. Tyler, deceased, for SEVENTY-FIVE THOUSAND DOLLARS and said Complainant was entitled to receive ONE-SEVENTH thereof, or $10,714.28 and has actually received in cash $10,000.00 and which leaves a balance owing to him of $714.28 together with the interest thereon until paid, and to be paid to him out of the money realized by said Guaranty Trust and Savings Bank Trustee aforesaid and according to the terms and provisions of said written stipulation and said purchase money mortgage deed of trust aforesaid, and to be paid by said Trustee to Axtell & Rinehart, solicitors of record for said Complainant, less however, said complainant's promised and agreed *pro rata* of the expense of administering said mortgage trust.

That said Respondents, surviving heirs at law of said Margaret C. Tyler (deceased) are the owners of the entire balance of said purchase money mortgage deed of trust aforesaid, and all funds realized therefrom, together with the interest thereon in accordance therewith, and in accordance with said Written Stipulation aforesaid, and

are entitled to have the same paid to D. C. Campbell as solicitor of record for said respondents, less their promised and agreed *pro rata* of the expense of administering said trust."

The following final decree was rendered:

"It is hereby ordered, adjudged and decreed, that the Original Bill of Complaint, and Amendment thereto be and the same is hereby dismissed as to said Complainant Richmond Tyler as trustee for Wilfred R. Tyler, Edmond M. Tyler, Harold C. Tyler,, Earnest W. Tyler and R. St. Clair Tyler and also as to said complainant, Richmond Tyler *as father and next friend* of R. S.t Clair Tyler, and also as to said Complainants Wilfred R. Tyler, Edmond M. Tyler, Harold C. Tyler, Earnest W. Tyler and R. St. Clair Tyler, the equities herein having been found against each of said named complainants, and neither of them being entitled to any interest whatever in the purchase money mortgage deed of trust from Springfield Heights Company to Guaranty Trust & Savings Bank, Trustee, nor to any of the proceeds arising therefrom.

It is hereby further ordered, adjudged and decreed that Complainant Richmond Tyler *in his own right* is entitled to receive from Guaranty Trust & Savings Bank, Trustee, only SEVEN HUNDRED AND FOURTEEN DOLLARS AND TWENTY-EIGHT CENTS out of the purchase money mortgage deed of Trust from said Springfield Heights Company to said Trustee, together with the interest thereon and as provided therein, less however, his promised and agreed *pro rata* of the cost of administering said trust, and said $714.28 and interest thereon to be paid by said Trustee to Axtell & Rinehart, Solicitors of record for said Complaint herein, and which is all said Complainant will be entitled to receive from said trustee.

It is hereby further ordered, adjudged and decreed, that the said Respondents, surviving heirs at law of Margaret C. Tyler, (deceased) are entitled to receive from said Guaranty Trust & Savings Bank, Trustee, all of the funds and interest thereon realized from the purchase money mortgage deed of trust from Springfield Heights Company to said Trustee, excepting only said $714.28 and interest thereon to said Complainant, and their promised and agreed *pro rata* of the expense of administering said trust, and said trustee to pay over said proceeds to D. C. Campbell, Solicitor of record for said Respondents.

It is hereby further ordered, adjudged and decreed, that said Complainants pay all costs of this Cause to be taxed by the Clerk of this court.

Done, ordered, adjudged and decreed at Chambers in Jacksonville, Florida, this September 23rd, A. D. 1914."

From this decree the complainants have entered their appeal to this court and have assigned the following errors:

"First: The court erred in finding, by its Decree entered in this cause on the 23rd day of September, 1914, that Margaret C. Tyler was at the time of her death the sole owner of the northern two thirds of Lot four (4) in Section one (1) Township two (2) South, Range twenty-six (26) East, less an estate for a term of years granted to Richmond Tyler as Trustee for his children named.

Second. The Court erred in its decree entered in said cause on the 23rd day of September, 1914, in denying to the complainants the relief prayed in their Bill of Complaint as amended.

Third. The Court erred in finding and determining that the estate granted to Richmond Tyler in trust for his children terminated upon the arrival at the age of twenty one years of the appellant R. St. Clair Tyler.

Fourth. The Court erred in permitting to be filed· in evidence on the 14th day of September, 1914, deed purporting to be from Richard R. Tyler to W. P. Gilreath.

Fifth. The Court erred in finding that the equities in said cause are with the respondents in said cause and against the complainants.

Sixth. The Court erred in dismissing the Bill of Complaint and amendment thereto as against all the complainants except Richmond Tyler.

Wherefore the Appellants above named pray that the decree made in said cause on the 23rd day of September, 1914, may be reversed and said cause remanded, with proper instructions."

We shall follow the example of the counsel for the appellants and discuss the first, second, fifth and sixth assignments together, concurring in the statement made by such counsel in their brief that "these four assignments raise the main controversy in the cause."

We are of the opinion that the complainants have not materially strengthened their case by the amendment to their bill and the additional evidence which they adduced. No extended discussion as to this conclusion which we have reached seems to be necessary. The position taken by the complainants in the amendment to their original bill would seem to be somewhat at variance and inconsistent with the position assumed and relied upon by

them in the original bill. It has the appearance of being an after-thought and an attempt to avoid and overcome the force and effect of our decision upon the former appeal, but we do not think that such attempt can be said to have been successful. After a careful consideration of all the evidence, we are still of the opinion that no facts or circumstances have been established which would warrant us in holding the consideration for which the deed was executed to have been "a valuable as opposed to a mere good consideration." This being true, it follows in so far as this point is concerned our holding upon the former appeal, Triesback v. Tyler, 62 Fla. 580, 56 South. Rep. 947, applies with full force, having become the law of the case, therefore the court properly held that the complainants were not entitled to a reformation of the deed as prayed. We do not discuss the other matters bearing upon this question of reformation which have been argued before us, as we see no occasion for so doing, but in passing we would call attention to the fact that the withholding of the deed from record for over ten years and the delay in instituting suit until two years after the death of Margaret C. Tyler and sixteen years after the execution of such deed, coupled with other facts and circumstances shown by the. proofs, might well warrant the holding that the complainants had been guilty of such laches as to preclude them from the relief sought.

It necessarily follows from this holding that, as. Margaret C. Tyler died intestate without ever having conveyed the northern one-third of the lot in question, with the exception of one acre in the southeast corner, she must be held to have been seized in fee at the time of her death, of this northern one-third and that the same descended to her heirs at law.

We now turn our attention to the status of the title to the middle third of the lot and must determine what estate was granted by the two deeds from Margaret C. Tyler to Richmond Tyler, trustee, which we have copied above. It will be observed on referring thereto that the word heirs is omitted from each of such deeds. In Ivey v. Peacock, 56 Fla. 440, 47 South. Rep. 481, we held as follows:

"It is admitted that at the common law the word 'heirs' was indispensable to create an estate of inheritance, and that Chapter 5154, Laws of 1903, Gen. Stats. section 2456, dispensing with the words of limitation, is prospective only and does not purport to affect prior grants or conveyances. By express statutory enactment the Common Law of England of a general nature are declared to be of force in this State, if not inconsistent with the Federal or State Constitutions or statutes. Gen. Stats. of Fla. section 59."

In addition to the authorities therein cited, we would also refer to the well-reasoned cases of Adams and Traphagen v. Ross, 30 N. J. Law 505, and Kearney v. Macomb, 16 N. J. Equity 189. In Ivey v. Peacock, *supra*, we used the following language: "We are not now concerned with the various possible exceptions such as grants to the State, trust deeds, conveyances to corporations, contemporaneous deeds, reconveyances." As the two deeds in question are trust deeds, do they constitute an exception to the rule laid down in Ivey v. Peacock, *supra?* We think that the law was correctly stated in Smith v. Proctor, 139 N. C. 314, 51 S. E. Rep. 889, 2 L. R. A. (N. S.) 172; "A grant to a trustee without the use of the word 'heirs,' will pass a fee if the duties of the trust require him to possess the fee, and it is the clear intention of the grantor

that he shall do so." In addition to the authorities cited in the opinion, see also the numerous authorities collected in the excellent note appended to the case as reparted in 2 L. R. A (N. S.) 172. A careful reading of the two deeds in question and of the authorities to which we have referred impel us to the conclusion that such deeds cannot be held to constitute an exception to the rule. We are unable to say that the duties of the trust requires the trustee to possess the fee, and neither can we declare it to have been established by the proofs that it was the clear intention of the grantor that the grantee should possess the fee. We must hold that the fee did not pass by either of such deeds, but that the middle third of the lot therein described was conveyed to Richmond Tyler, trustee, to hold in trust for his children until the youngest of such children had become of lawful age, as is specified in the deeds. As the youngest of Richmond Tyler's children had become of lawful age prior to the rendering of the final decree, we think that the Circuit Judge correctly found that the trust created by such deeds had "expired, terminated and ceased," and that the surviving heirs of Margaret C. Tyler were the owners in fee simple of the northerin two-thirds of the lot in question, with the exception of the one acre conveyed to Mary W. Shepard. In other words, we approve the findings made by the Circuit Judge and are of the opinion that the final decree should be affirmed. As to the affirmative relief granted the defendants in the absence of a cross-bill, we think it well to copy this statement from the brief of the counsel for the appellants:

"Preliminary to a detailed discussion of the cause, we wish to say that it is evident, from a consideration of the pleadings and the decree, that the cause has not pro-

ceeded regularly in accordance with strict equity practice. The decree proceeds to grant affirmative relief to the respondents, the same as though a cross bill had been duly and regularly filed,—this, no doubt, based upon the terms and conditions of the stipulation heretofore referred to. We have no desire to make any point against this procedure on technical grounds. We are, in other words, willing to treat the whole subject matter of the litigation as properly before the court, in order that a final disposition of the matter may be obtained in this suit. It is only necessary to add, that, inasmuch as it would be our right to object to the relief granted to the respondents because of this irregularity, it becomes evident that the case of the respondents must also be treated with the same liberality. The serious discrepancies in the findings, treated from the standpoint of regular equity practice, will be commented on hereafter as they arise in the progress of the argument."

Concerning the fourth assignment that "the court erred in permitting to be filed in evidence on the 14th day of September, 1914, deed purporting to be from Richard R. Tyler to W. P. Gilreath," it is sufficient to say that the transcript shows that such deed was filed by the Circuit Judge, and no objection appears to have been interposed thereto by the complainants. See Barnes & Jessup Co. v. Putnam, 64 Fla. 190, 60 South. Rep. 787, where, following prior decisions of this court, we held as follows:

"Under the provisions of Rule 18, Supreme Court Rules, adopted March 2, 1905 (page 11 of such rules prefixed to 51 Fla. 37 South. Rep. viii), no objection will be allowed to be taken in the appellate court to the admissibility of any evidence, oral or documentary, found in the record in a chancery cause, unless the record affirmatively shows

that the objection thereto was presented to the chancellor, and expressly ruled upon by him in the court below, at or before the final hearing of the cause. Every matter purporting to be evidence, found copied by the clerk into the record in such cause, will be presumed to have been used in evidence in the court below, unless the record affirmatively shows the contrary."

One other contention of the appellants should be noticed. It is strenuously urged that, as Richmond Tyler was still living, there was still a possibility that other children might be born to him, therefore it was error to hold that the trust created by the two deeds had been discharged and become extinguished. It is true that such possibility exists, but in view of the fact that the evidence establishes that Richmond Tyler was born in 1838, therefore was 76 years of age at the time of the rendering of the final decree, such possibility must be held to be rather remote. It is further true, as contended by the appellants, that "a possibility of issue is always supposed to exist in law, unless extinguished by the death of the parties; even though the donees be each of them an hundred years old." See 2 Blackstone Com. 125; State v. Lash, 16 N. J. Law 380; List v. Rodney, 83 Pa. St. 483; Bigeley v. Watson, 98 Tenn. 353, 39 S. W. Rep. 525, 38 L. R. A. 679, all of which are cited to us by the appellants. Even so, we are not disposed to reverse the final decree because of this remote contingency. We are all the more inclined to this view in view of the stipulation entered into by counsel for all the parties litigant by which the property was conveyed to the Springfield Heights Company and in which stipulation it was expressly recited that "it is the desire and purpose of the parties,    *    *    both complainants and defendants, to convey all their

right, title and interest in and to" the property in dispute to the Springfield Heights Company, "and it is the intent and purpose of the said parties that the moneys received from the said conveyance  \* \* \* shall stand in the place of the property so conveyed."

Obviously all of the parties litigant desired a termination of the litigation and a final settlement of all the matters in controversy.

The decree will be affirmed.

TAYLOR, C. J., AND COCKRELL, WHITFIELD AND ELLIS, JJ., concur.